

FILED
MAY - 9 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JOSEPH C. WHIGHAM**

    The plaintiff,

v.                                                      Civil Action No.: 2:11cv256

**CHASE AUTO FINANCE CORP.,**

    Serve:    CT Corporation System, Registered Agent
                  4701 Cox Road, Suite 301
                  Glen Allen, Va 23060

    **Defendant.**

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

## CLASS COMPLAINT

The plaintiff, Joseph C. Whigham ("plaintiff"), by counsel, pursuant to Fed. R. Civ. P. 3 and 23, for himself and on behalf of all similarly situated individuals, submits this Class Complaint against the defendant, Chase Auto Finance Corp, ("defendant") and in support of same, states the following:

### Parties

1.    The plaintiff, Joseph Whigam, is a member of the United States Navy and is currently stationed in Norfolk, Virginia. The plaintiff is currently on active duty and has been on active duty at all times relevant to this lawsuit.

2.    Defendant Chase Auto Finance Corp. ("Chase") is a Delaware corporation doing business across the country, including Virginia, with offices in New York, New Jersey, Texas and Connecticut. Chase has a registered agent, CT Corporation System,

located in Glen Allen, Virginia to accept service in Virginia. Chase is engaged in the business of financing consumer automobile purchases and servicing automotive financing contracts.

## Jurisdiction

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

4. Venue is proper in this district and division under 28 U.S.C. § 1391 and Local Rule 3(C). Chase has a registered agent present in Virginia to accept service on its behalf. Chase also has substantial and continuous contacts with the Eastern District of Virginia.

## FACTUAL BACKGROUND

### Purchase of the Truck

5. At the relevant times, the plaintiff owned a 2007 blue Chevy Silverado truck, VIN 1GCEC19C77Z535154, ("Truck") purchased on April 6, 2007 for $33,221.73.

6. The Truck was purchased from Bay Chevrolet in Norfolk, Virginia, and, as part of the sale, a financing contract ("Contract") was executed. The Contract was assigned by Bay Chevrolet to JP Morgan Chase Bank and then subsequently assigned to Chase. A copy of the Contract is attached hereto as **Exhibit 1**.

7. The Contract clearly shows the plaintiff's address as a military (FPO) address.

## The Towing and Subsequent Sale of the Truck at Auction

8. The Truck was registered in Virginia. The plaintiff displayed a Department of Defense decal on the front windshield.

9. The 3 month tags expired on the Truck while the plaintiff was deployed.

10. The plaintiff was deployed from September to late October 2007.

11. Sometime in September 2007 the Truck was towed from overflow parking at Sewell's Point near Naval Station Norfolk.

12. The plaintiff attempted to reclaim the Truck from the towing company in early November 2007. At that time, the plaintiff learned that Chase, the lien holder on the truck, had been contacted by the towing company and had reclaimed the truck.

13. The plaintiff contacted Chase to ascertain the status of the truck and was told that it had been sold at auction. At that time, the plaintiff inquired as to whether he owed anything on the Truck and he was informed that he did not.

14. Chase knew or should have known that the plaintiff was on active duty in the military when it sold the plaintiff's truck at auction. Despite such knowledge, Chase proceeded to sell the Truck at auction without the required court order in violation of the Servicemembers Civil Relief Act ("SCRA") as amended, 50 U.S.C. App. § 501, *et seq*.

15. The plaintiff was again deployed in January 2008.

16. After the sale of the Truck in fall 2007, the plaintiff was not given notice of any amount allegedly due on the Truck until Imperial Credit Systems ("Imperial") began debt collection actions against him in or about January 2010 by calling the plaintiff and demanding money that he allegedly owed in connection with the Truck.

17. As a result of Chase's will full and wanton violation of the SCRA, the plaintiff has suffered monetary damages and emotional distress.

18. The foregoing violation of the SCRA entitle the plaintiff to compensatory damages, punitive damages, plus the fees, costs, and Attorney fees that he incurs in bringing this action against Chase.

## CLASS ACTION ALLEGATIONS

19. The plaintiff incorporates the allegations of Paragraphs 1 through 18 and those hereafter as if alleged verbatim.

20. Pursuant to the SCRA, the term "servicemember" means a member of the uniformed services, as that term is defined in section 101(a)(5) of title 10, United States Code.

21. Pursuant to the SCRA, The term "military service" means:

   (A) in the case of a servicemember who is a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard--

   (i) active duty, as defined in section 101(d)(1) of title 10, United States Code, and

   (ii) in the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds;

   (B) in the case of a servicemember who is a commissioned officer of the Public Health Service or the National Oceanic and Atmospheric Administration, active service; and

   (C) any period during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause.

22. Pursuant to the SCRA the term "period of military service" means the period beginning on the date on which a servicemember enters military service and ending on the date on which the servicemember is released from military service or dies while in military service.

23. Pursuant to Fed. R. Civ. P. 23, the plaintiff brings this action for himself and on behalf of a class ("Class") of similarly situated individuals defined as follows:

   A. All servicemembers, for the 30 years preceding the filing of this Class Complaint for whom, during a period of military service, Chase foreclosed or enforced any lien on an automobile or other property or effects without a court order granted before foreclosure or enforcement and who fall into one of the following subgroups:

      1. Each servicemember who is currently in military service as of the date of the filing of the Class Complaint and has been continuously in military service since the date that Chase foreclosed or enforced any lien on an automobile or other property or effects without a court order granted before foreclosure or enforcement; and

      2. Each servicemember who, within 90 days of the date of the filing of this Class Complaint, was in military service and had been continuously in military service since the date that Chase foreclosed or enforced any lien on an automobile or other property or effects without a court order granted before foreclosure or enforcement.

24. On information and belief, the plaintiff asserts that the Class Members are so numerous that joinder of all is impractical. The names and addresses of the Class Members are identifiable through documents maintained by Chase and the Class Members. The Class Members may be notified by mail. Given these facts, the numerosity requirement of Fed. R. Civ. P. 23(a)(1) is present and satisfied.

25. There are questions of law and fact common to the class regarding Chase's violation of the SCRA, and the questions of law and fact common to the class

predominate over any questions affecting only individual members. Accordingly, the requirement of Fed. R. Civ. P. 23(a)(2) is satisfied.

26. The plaintiff's claims are typical of the claims of each Class Member. The plaintiff is entitled to relief under the same cause of action as the other Class Members. Give this fact, the typicality requirement of Fed. R. Civ. P. 23(a)(3) is present and satisfied.

27. The plaintiff is an adequate representative of the Class because his interests coincide with and are not antagonistic to, the interests of the Class that he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to pursue this litigation vigorously. The interests of members of the Class will be fairly and adequately protected by the plaintiff and his counsel. Given this fact, the adequacy requirement of Fed. R. Civ. P. 23(a)(4) is present and satisfied.

28. Class certification is appropriate for the Class because Chase has acted on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to the Plaintiff and the Class Members. Given this fact, the requirements of Fed. R. Civ. P. 23(b)(2) are present and satisfied.

29. Questions of law and fact common to the Class Members predominate over questions affecting only individual members and a class action is superior to other available methods for a fair and efficient adjudication of this matter because:

    a. Individual prosecution would prove burdensome and expensive given the extensive litigation required by Chase's conduct. It would be virtually impossible for the Class Members, individually, to redress

effectively the wrongs done to them. Even if the Class Members themselves could afford such litigation, it would be an unnecessary burden on the Courts.

b. The separate interests of the individual Class Members are minor compared to their major interests in the common questions of law and fact affecting the Class Members as a whole, so that the individual Class Members would likely have little interest in individually controlling the prosecution of their separate interests.

c. Individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the Court system by complex legal and factual issues raised by Chase's conduct. By contrast, the Class Action device will result in substantial benefits to the Class Members and Chase to resolve numerous individual claims based on a single set of proof in a case.

d. It is desirable to concentrate the litigation of the Class Members' claims in a single forum. Because of the large local servicemember population, this Court is an appropriate forum for this action.

e. There are no foreseeable difficulties in managing this class action which would outweigh the benefits of a class action.

Accordingly, the requirements of Fed. R. Civ. P. 23(b)(3) are present and satisfied.

## Count I:
## Class Claim Violation of Servicemembers
## Civil Relief Act, 50 USC Appx §537

30. The plaintiff incorporates the allegations of Paragraphs 1 through 29 and those hereafter as if alleged verbatim.

31. At all times relevant to this lawsuit, the plaintiff was on active duty with the United States Navy and was subject to the protections and rights afforded by the Servicemembers Civil Relief Act ("SCRA") as amended, 50 U.S.C. App. § 501, *et seq.*

32. At all times relevant to this lawsuit, the Class members were Servicemembers in military service or persons removed from military within 90 days of the filing of this Class Complaint and were subject to the protections and rights afforded by the Servicemembers Civil Relief Act ("SCRA") as amended, 50 U.S.C. App. § 501, *et seq.*

33. The SCRA was enacted to postpone or suspend civil obligations to enable service members to devote full attention to defense of the nation and relieve stress on the family members of those deployed service members.

34. The duties contained in 50 U.S.C. App. § 537 are meant to protect active duty servicemembers from actions that may be taken against their personal property in the absence of court consent in the form of a court order. Specifically, § 537 of the SCRA prohibits the enforcement of liens against the property of servicemembers during their period of military service unless the lienholder first obtains a court order.

35. Chase violated § 537 of the SCRA by selling the Truck in satisfaction of its lien without a court order despite knowing the plaintiff was in the military.

36. Chase acted knowingly, willfully and maliciously and in deliberate disregard of the plaintiff's rights and of the law by selling the Truck in violation of § 537 of the SCRA.

37. Chase violated § 537 of the SCRA by selling the class members' automobiles, without court orders, despite knowing that the Class Members were members of the military in military service.

38. Chase acted knowingly, willfully and maliciously and in deliberate disregard of the Class Members' rights and of the law by selling the Class Members' automobiles.

39. As a result of Chase's violation, the plaintiff has been damaged in that he has lost the Truck and his personal property contained in the Truck, lost insurance payments, is being pursued for an alleged remaining balance on the Truck by Imperial, and in addition, has been the subject of humiliation, has undergone emotional pain and suffering, and has suffered numerous other expenses and costs.

40. As a result of Chase's violation, the Class Members have been damaged in that they have lost their automobiles and personal property, have been subject of humiliation, have undergone emotional pain and suffering, and have suffered numerous other expenses and costs.

41. As a result of Chase's willful, wanton, and knowing violation of § 537, the plaintiff and the Class Members are entitled to consequential damages, costs, punitive damages and attorney fees.

## Count II:
## Conversion Under the Servicemembers Civil Relief Act and State Law

42. The plaintiff incorporates the allegations of Paragraphs 1 through 29 and those hereafter as if alleged verbatim.

43. At all times, the plaintiff was the rightful owner of the Truck and of personal property kept in the Truck.

44. Chase wrongfully exercised dominion and control over the Truck and personal property by taking possession of the Truck and having it sold at auction without a court order.

45. Chase acted willfully and maliciously and in deliberate disregard of the plaintiff's rights and the law by having the truck repossessed and sold at auction without a court order.

46. As a result of Chase's actions, the plaintiff has been damaged in that he has lost the Truck and his personal property contained in the Truck, lost insurance payments, is being pursued for an alleged remaining balance on the Truck by Imperial, and in addition, has been the subject of humiliation, has undergone emotional pain and suffering, and has suffered numerous other expenses and costs. Chase's interference with the Truck has been so substantial that Chase is liable for the full value of the Truck and any property in the Truck.

47. Chase's conversion of the Truck and determination to proceed with the sale of it despite its statutory duty and knowledge that the plaintiff was in the military evidences an indifference to the harm caused to others, amounting to a complete neglect of, or reckless indifference to, the rights of the plaintiff and the law such that an award of punitive damages is warranted.

**WHEREFORE**, The plaintiff demands judgment against Chase for compensatory and punitive damages in the amount of FIFTY MILLION DOLLARS ($50,000,000.00), pre and post-judgment interest, plus attorney fees and all other costs in pursuing this matter, and such other relief as this Honorable Court deems just, equitable and proper.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully Submitted,

JOSEPH C. WHIGHAM

By: _____
Of Counsel

Rebecca S. Colaw, Esquire
VSB # 47702
REBECCA S. COLAW, P.C.
114 Franklin Street
Suffolk, Virginia 23434
Phone: (757) 539-5020
Facsimile: (757) 539-5743
rsc@colawlaw.com

Andrew M. Hendrick, Esq. (VSB # 42852)
Robert J. Haddad, Esquire (VSB #22298)
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23453
757-671-6012
757-671-6004 (fax)
ahendrick@srgslaw.com

*Counsel for the Plaintiff*