IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JOSEPH C. WHIGHAM,<br><br>*Plaintiff*,<br><br>v.<br><br>CHASE AUTO FINANCE CORP.,<br><br>*Defendant*. | Civil Action No. 2:11cv256 |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS</u>**

Defendant Chase Auto Finance Corporation ("Chase"), by counsel, respectfully moves this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failing to state a claim upon which relief may be granted. In support thereof, Chase provides the following memorandum of points and authorities.

I.   <u>INTRODUCTION</u>

Plaintiff Joseph C. Whigham filed this lawsuit against Chase on behalf of himself and all those similarly situated, as a purported class action lawsuit on May 9, 2011. At its core, the Complaint alleges that Chase violated the Servicemembers Civil Relief Act ("SCRA") as amended, 50 U.S.C. § 501, *et seq*., by repossessing and selling Plaintiff's vehicle at auction without a court order while Plaintiff was on active duty with the United States Navy. Arising from the same factual allegations supporting the SCRA claim, the Complaint also includes a count for conversion, and seeks the imposition of both compensatory and punitive damages against Chase. *See* Compl. Plaintiff's Complaint

cannot survive a motion to dismiss, as his claim for violation of the SCRA is not cognizable as a matter of law, and his claims for conversion are entirely dependant upon his failed SCRA claim. Specifically, Plaintiff fails to allege sufficient facts to support his contention that he was entitled to the protections afforded by the SCRA, and further fails to allege the enforcement by Chase of a storage lien in its repossession of Plaintiff's vehicle. Indeed, Plaintiff fails to allege facts to support any cognizable claim against Chase, and the Complaint should be dismissed as a matter of law.

## II.   STATEMENT OF FACTS[1]

Plaintiff alleges that he is, and at all relevant times was, a member of the United States Navy on active duty, stationed in Norfolk, Virginia. Compl. ¶ 1. Plaintiff allegedly purchased a 2007 Chevy Silverado truck (the "Truck") on April 6, 2007 for $33,221.73 from Bay Chevrolet in Norfolk, Virginia. Compl. ¶ 5-6. As part of the sale, a financing contract was executed, which was subsequently assigned to Chase Bank, and then to Chase (the "Contract").[2] Compl. ¶ 6. According to Plaintiff, the Contract shows Plaintiff's address as a military (FPO) address. Compl. at 7. Plaintiff's Truck was registered in Virginia, and a Department of Defense decal was allegedly displayed on the front windshield. Compl. ¶ 8.

Plaintiff alleges he was deployed with the military from September to late October 2007. Compl. ¶ 10. During his deployment, the three month tags expired on the Truck. Compl. ¶ 9. At some point in September 2007, Plaintiff alleges the Truck was towed by an

---

[1] Chase assumes the facts alleged in Plaintiff's Complaint as true for the purpose of this Motion to Dismiss only.
[2] Although Plaintiff purports to attach the Contract as Exhibit 1 to his Complaint, Plaintiff's initial filing fails to attach a financing contract, or any other exhibits.

unnamed towing company from overflow parking at Sewell's Point near Naval Station Norfolk. Compl. ¶ 11. According to Plaintiff, in early November 2007, he attempted to reclaim the Truck from the towing company, and learned that Chase had been contacted by the towing company and had reclaimed the Truck. Compl. ¶ 12. Plaintiff was allegedly informed by Chase that he did not owe anything on the Truck, and that the Truck had been sold at auction. Compl. ¶ 13. According to Plaintiff, he then deployed again in January 2008, and Imperial Credit Systems began debt collection actions against him in January 2010 for money owed in connection with the Truck. Compl. ¶ 16.

Based on these alleged facts, Plaintiff filed suit against Chase, asserting a class action claim on behalf of himself and those similarly situated, for violation of the SCRA. Specifically, Plaintiff asserts he was a servicemember as defined by the SCRA; and that during his period of active duty military service, Chase foreclosed or enforced a lien on his automobile without a court order, as required under certain circumstances by 50 U.S.C. App. § 537. Compl. ¶¶ 14, 23, 37. Plaintiff's Complaint, however, fails to state facts sufficient to show that Plaintiff was entitled to the protections granted by the SCRA, and otherwise fails to state a claim against Chase. Accordingly, Plaintiff's Complaint should be dismissed.

III. ARGUMENT

A. Standard of Review

A district court should grant a motion to dismiss "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). While the

3

Court must take all factual allegations made in a complaint as true, *see Eastern Shore Markets, Inc. v. JD Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000), the United States Supreme Court heightened a plaintiff's pleading requirements in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S Ct. 1955 (2007). In order to survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." 550 U.S. at 555. Indeed, the Fourth Circuit has concluded that the Supreme Court's decision in *Twombly* establishes a regime that is "more favorable to dismissal of a complaint" at the earliest stages of a case. *See Giarratano v. Johnson*, 521 F.3d 298, 306 n.3 (4th Cir. 2008).

Specifically, a plaintiff's claim must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face" such that it has "nudged his claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In *Iqbal*, the Court enunciated a two-step approach for determining whether a complaint may survive dismissal. First, a district court need not accept legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . ." *Iqbal*, 129 S. Ct. at 1949. Second, only a complaint that states a plausible claim for relief should survive a motion to dismiss, and making such a determination is a "context specific" task where the court must apply its judicial experience and common sense. *Id.* Therefore, "a court considering a motion to

dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of the truth." *Id.*

  B. <u>Application and Analysis of the SCRA.</u>
Plaintiff's Complaint is based wholly on alleged violations of the SCRA, essentially contending that Chase was required to obtain a court order prior to selling his repossessed Truck at auction.  The SCRA, as amended in 2003, provides various protections to active duty service members, and has a long history in both the legislative and judicial systems.  Congress first enacted the Soldiers and Sailor's Civil Relief Act in 1918 (the "SSCRA"), soon after the United States entered World War I.  *See* Soldiers and Sailors' Civil Relief Act, Pub. L. No. 65-103, 40 Stat. 440.  The Act "covered default judgments, stays of proceedings, evictions, mortgage foreclosure, insurance, and installment contracts."  *See* H.R. Rep. No. 81, 108th Cong., 1st Sess. 33 (2003).  The Act expired after the war but was reenacted with only minor changes in 1940.  *Ibid*; *see* Soldiers and Sailors' Civil Relief Act of 1940, Pub. L. No. 76-861, 54 Stat. 1178.  Then, in 1942, Congress modified many of the existing provisions of the Act and added new protections, including protections against the enforcement of storage liens. *See* H.R. Rep. No. 81, 108th Cong., 1st Sess. 33 (2003); Soldiers and Sailors' Civil Relief Act Amendments of 1942, Pub. L. No. 77-732, 56 Stat. 769. Congress amended the Act twelve more times between 1942 and 2003. *See* H.R. Rep. No. 81, 108th Cong., 1st Sess. 34 (2003).  The most recent amendment of the Act occurred in 2003, which renamed the Act as the "Servicemembers Civil Relief Act," and further refined the protections thereunder. *Id*.

The SCRA provides certain important protections for servicemembers, including protections against: being charged interest on obligations or liabilities incurred before military service in excess of 6% per year during a period of military service (50 U.S.C. App. § 527); being evicted from the servicemember's residence except by court order (50 U.S.C. App. § 531); having an installment contract for purchase or lease of personal property (such as a motor vehicle) rescinded or terminated for breach during military service, where that the installment contract was executed <u>before</u> the servicemembers entry into the military (50 U.S.C. App. § 532); and having real property under mortgage or deed seized or foreclosed upon without court order (50 U.S.C. App. § 533). The SCRA also provides for protection against enforcement of a storage lien without a court order, during a servicemember's active duty, regardless of when the servicemember entered into the military. *See* 50 U.S.C. App. § 537.

    C.    <u>Plaintiff is Not Eligible for Protection under the SCRA (Count I)</u>.

Plaintiff's SCRA claim fails as a matter of law because Plaintiff was not eligible for the SCRA's protections against his Truck's repossession and sale. Title III of the SCRA provides certain protections for rent, installment contracts, mortgages, liens, assignments, leases and telephone service contracts. 50 U.S.C. App. §§ 531-538. While Plaintiff's Complaint purports to assert a cause of action against Chase under Section 537 of the SCRA, rather than Section 532, it is evident that under either section, Plaintiff cannot state a claim.

        1.    <u>Plaintiff Cannot State a Claim for Violation of the SCRA Under 50 U.S.C. App. § 532</u>.

6

Section 532 of the SCRA dictates the protections afforded to servicemembers who purchase or lease a motor vehicle pursuant to an installment contract, such as the financing contract alleged in Plaintiff's Complaint. Under that section, creditors may not repossess a motor vehicle, absent a court order, where the contract for purchase of that motor vehicle was entered into and at least one installment payment made <u>prior</u> to the servicemember entering military service. *See Donahou v. Presidential Limousine & Auto Sales, Inc*., 2007 U.S. Dist. LEXIS 30257, 2-3 (W.D. Ark. Apr. 24, 2007) ("The SCRA only applies to contracts entered into before military service.").

Specifically, 50 U.S.C. App. § 532 provides:

§ 532. Protection under installment contracts for purchase or lease

(a) Protection upon breach of contract.
   (1) Protection after entering military service. After a servicemember enters military service, a contract by the servicemember for—
     (A) the purchase of real or personal property (including a motor vehicle); or
     (B) the lease or bailment of such property,
may not be rescinded or terminated for a breach of terms of the contract occurring before or during that person's military service, nor may the property be repossessed for such breach without a court order.

   (2) Applicability. This section applies only to a contract for which a deposit or installment has been paid by the servicemember before the servicemember enters military service.

*Donahou v. Presidential Limousine & Auto Sales, Inc*. is presently the only published decision that examines an installment contract lien holder's right to repossess a vehicle under the 2003 amendments to the SCRA.[3] 2007 U.S. Dist. LEXIS 30257, at *2. In *Donahou*, the plaintiff purchased a truck from defendant auto sales company in June

---

[3] As explained in greater detail *infra*, multiple decisions analyze a <u>storage</u> lien holder's rights and obligations pursuant to the SCRA.

7

2006, and the defendant repossessed the vehicle when the plaintiff failed to make payments. *Id*. The plaintiff had enlisted in the military on January 18, 2006, prior to the purchase of the truck, but was not required to report for duty until August 2006. The plaintiff alleged that the SCRA applied because he did not begin his military service until August 2006 – and thus purchased the vehicle prior to his entry into military service. *Id*. Defendant, on the other hand, argued that the plaintiff began his military service in January 2006, and therefore the protections afforded by the SCRA would not apply to the truck purchase. *Id*. The Court noted that "if Plaintiff entered military service at the time of his enlistment [in January 2006], there would be no protection by the Servicemembers Civil Relief Act for the subsequently entered contract." *Id*. at *3. The Court ultimately determined that the plaintiff's active military duty did not begin until he was required to report to duty in August 2006. *Id*. Therefore, because the purchase of the truck occurred prior to the plaintiff's entry into the military service, the SCRA applied, and plaintiff could be afforded the protections of 50 U.S.C. App. § 532. *Id*.

A brief review of case law involving identical provisions of the prior incarnation of the SCRA, the SSCRA, yields a consistent result.[4] *See, e.g., Jim's Trailer Sales v. Shutok* 153 F. Supp. 274 (W.D. Pa. 1957); *Waldron v. Commercial Credit Corp*., 5 Va. Cir. 450, 452 (Botetourt County) (Va. Cir. Ct. 1974) (holding that an identical provision in the SCRA's predecessor, the SSCRA, does not apply to the repossession and sale of property which was security for a modified contract, entered into during the plaintiff's period of

---

[4] Although the SSCRA was recodified as the SCRA in 2003, the SSCRA is "the precursor statute" to the SCRA, "and affords the same remedies to servicemembers in military service as in the SCRA." *Gordon v. Pete's Auto Serv. of Denbigh, Inc*., 670 F. Supp. 2d 453, 456 (E.D. Va. 2009) (rvs'd on other grounds). Accordingly, in light of the dearth of case law interpreting the SCRA, Chase respectfully submits applicable case law involving the SSCRA as guidance to this Court.

8

military service); *Chas. H. Jenkins & Co. v. Lewis*, 259 N.C. 86, 88-89 (1963) (the Act did not apply where a person, then in the military service, purchased an automobile and executed a conditional sales contract as security for payment of the purchase price); *Twitchell v. Home Owners' Loan Corporation*, 59 Ariz. 22, 122 P. 2d 210 (1942) (the Act "was meant to protect the interests of those who were called to the defense of their country and who for that reason, were unable to keep up the payments *upon obligations which they had incurred previous to their being called into service*."). In *Waldron v. Commercial Credit Corp.*, for example, a car purchaser contracted with a car dealer to buy a used car. 5 Va. Cir. at 452. The plaintiff purchaser made a down payment and agreed to pay the balance in monthly installments. *Id*. After the plaintiff joined the armed forces, the lien holder agreed to modify the payment terms, and the plaintiff defaulted. The Court held that the plaintiff was not protected by the SSCRA because the Act did not apply to the modification of a contract executed during the period of military service. *Id*.

Case law interpreting the SCRA confirms that the prohibition against the repossession and sale of a motor vehicle only applies to vehicles purchased <u>prior</u> to the servicemember's entry into military service. Indeed, the language of the SCRA is clear and unambiguous: the protection afforded under 50 U.S.C. App. § 532 "applies only to a contract for which a deposit or installment has been paid by the servicemember before the servicemember enters military service." *Id*. Here, Plaintiff has alleged that he was, at all relevant times, a member of the United States Navy on active duty, stationed in Norfolk, Virginia. Compl. ¶¶ 1, 31. According to Plaintiff's own allegations, he entered into the Contract with Chase to purchase his Truck *after* he entered into military service. Compl.

9

¶¶ 5, 7. Accordingly, by his own allegations, Plaintiff was not entitled to the protections of the SCRA when Chase enforced its installation contract lien and sold the Truck at auction pursuant to that contractual lien. Plaintiff's Complaint should therefore be dismissed, as his claims against Chase for foreclosing or enforcing the lien on his truck in violation of the SCRA fail as a matter of law.

        2.        <u>Plaintiff Fails to State a Claim for Violation of the SCRA Under 50 U.S.C. § 537</u>.

Despite the unambiguous mandates of the SCRA regarding a lien holder of property purchased pursuant to an installment contract, Plaintiff improperly attempts to state a claim under 50 U.S.C App. § 537, in an apparent effort to circumvent the clear legislative intent of the SCRA. Section 537 of the SCRA, however, governs the enforcement of <u>storage</u> liens, and dictates the protections afforded to servicemembers from foreclosure and enforcement of property subject to a storage lien. This section pertains to the foreclosure of liens for storage or repair of household goods or other personal property of military personnel, whether the goods were stored prior to entry upon active duty or not. Specifically, 50 U.S.C. App. § 537 provides:

> § 537. Enforcement of storage liens
>
> (a) Liens.
>
>     (1) Limitation on foreclosure or enforcement. A person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects without a court order granted before foreclosure or enforcement.
>
>     (2) Lien defined. For the purposes of paragraph (1), the term "lien" includes a lien for storage, repair, or cleaning of the property or effects of a servicemember or a lien on such property or effects for any other reason.

Despite the complete lack of any allegations in Plaintiff's Complaint regarding a storage lien, Plaintiff inexplicably attempts to state a claim against Chase for violation of Section 537 of the SCRA. As explained above, this section does not govern the rights of the parties to this lawsuit, as Plaintiff's allegations clearly involve the enforcement of an installment contract lien, not a storage lien.

Plaintiff does not allege that Chase possessed a storage lien upon his property, or otherwise sought to enforce a storage lien. The Complaint contains no allegations that Chase was in any way involved with the initial towing or storage of the Truck. See Compl ¶¶11, 12. Indeed, the initial towing and storage apparently resulted from expired temporary tags. Compl. ¶ 9. Chase only became involved after that towing, because Plaintiff failed to reclaim his vehicle and was also behind on his payments. The Complaint is completely devoid of any connection between the alleged towing and storage of the vehicle, and Chase's later sale of the vehicle at auction for Plaintiff's breach of the installment contract. Under the facts alleged in Plaintiff's Complaint, the only possible lien that could be held by Chase was established under the installment contract for the purchase of the Truck. Thus, any rights to repossess and/or sell the Truck arise under a lien established by that installment contract, rather than a storage lien.

Case law interpreting the enforcement of 50 U.S.C. App. § 537 supports a finding that Plaintiff's allegations fail to state a claim for violation of the SCRA. That statute pertains to storage, not installment contract liens. The few cases that have addressed the SCRA since its 2003 amendments have all involved possessory liens related to the towing, storage or repair of a servicemember's property. *See, e.g. United States v. B.C. Enters.,*

11

*Inc.*, 2009 U.S. Dist. LEXIS 125298 (E.D. Va. June 23, 2009) (United States sued defendant towing and storage company, arguing that "the conduct of Defendants . . . constitutes the enforcement of a storage lien on the property or effects of a servicemember during a period of military service of that servicemember without a court order"); *Linscott v. Vector Aerospace*, 2006 WL 240529 (D. Or., January 31, 2006) (enforcement of a possessory lien imposed by the defendant, a helicopter engine repair company, against the plaintiff-servicemember, on active duty in the Air Force reserves, who owned the helicopter and failed to pay for repairs); *Gordon v. Pete's Auto Service of Denbigh, Inc.*, 2011 WL 490497 (4th Cir. 2011) (servicemember's action against towing company that allegedly towed, stored, and sold his car while he was deployed)

Likewise, courts that have interpreted the applicable provision contained in the SSCRA, former 50 U.S.C. App. § 532(2), have determined that the in order to fall within this section of the Act, a lien <u>must</u> include charges for storage. *See, e.g., United States v. Bomar*, 8 F.3d 226 (5th Cir. Tex. 1993). In *Bomar*, for example, the plaintiff servicemember took his car to a transmission shop after experiencing problems with his transmission. *Id*. at 227. He instructed the defendant to look at the transmission but to notify him before any work was done on the vehicle. *Id*. Several days later, the plaintiff contacted defendant regarding his car, and told the defendant not to perform any work. *Id*. at 228. The defendant informed him he had already disassembled the transmission and requested full payment in order to release the vehicle. *Id*. By agreement of the parties, the defendant performed some repairs on the vehicle, but demanded an additional $194 to release the car – funds which the plaintiff could not obtain. *Id*. At this point, the plaintiff

asked to speak to the owner, and asked defendant to call the police. The defendant refused, and pulled a pistol from his drawer, pointing it at the plaintiff. *Id*. Within the week, the plaintiff was deployed to Saudi Arabia, and when he attempted to pick up his vehicle, he was informed it would cost him $2,000 in storage fees, and that a lien had been filed on the car. *Id*. The defendant foreclosed on the vehicle, and sold it to a third party for $1,800, resulting in a single count indictment for violation of the SSCRA, 50 U.S.C. App. § 535(2). The defendant argued that the lien in question was for mechanics fees, in addition to storage, and therefore he had not violated the Act. The Court determined, however, that the lien need not be solely for storage, but may also include other fees. *Id*. at 231. The Court concluded, "[c]ertainly, in order to fall within the Act, a *lien must include charges for storage*, but the lien need not be limited to such fees." *Id*. (emphasis added).

It is evident from the legal interpretations of both Section 537 of SCRA and its SSCRA counterpart that this section was intended to provide protection against the enforcement of possessory liens on a servicemember's property, for storage, repairs, and the like. The protections afforded under Sec. 537, unlike the protection against repossession of a vehicle purchased pursuant to an installment contract, apply regardless of when the servicemember entered the military service. Section 537 is not, however, intended to abrogate other sections contained in the SCRA that cover the enforcement of non-storage liens, including liens created by installment contracts, mortgages and leases. Accordingly, Plaintiff's Complaint fails to state a claim, as it does not allege any facts to support a violation of Section 537 of the SCRA, and that statute was not enacted for the actions at issue here. As pleaded, plaintiff's claim does not in any fashion encompass

storage fees. As a matter of law, therefore, Plaintiff's claim must fail under 50 U.S.C. App. § 532 and 537, as the SCRA does not apply to Plaintiff's claims, because he purchased his Truck after he had entered into military service, and his claims against Chase do not involve possessory liens.

Finally, to the extent Plaintiff attempts to assert a claim against Chase for violation of the SCRA, Plaintiff's Complaint is insufficient under the heightened pleading standard set forth in *Twombly* and *Iqbal*. Plaintiff has failed to plead facts that would allow this Court to draw a reasonable inference that Chase is liable for any alleged misconduct. Even accepting Plaintiff's allegations as true, Plaintiff's Complaint fails to aver specific facts sufficient to show that the SCRA applied under the alleged circumstances, or that Chase otherwise violated the SCRA or any other obligation to Plaintiff. As to the SCRA, Plaintiff's Complaint fails to state a claim, and must therefore be dismissed.

    D.    <u>Plaintiff's Conversion Claim Fails as a Matter of Law Because it is Dependant upon Plaintiff Qualifying for Protection Under the SCRA (Count II)</u>.

Plaintiffs' conversion claim is entirely dependent upon whether Plaintiff qualifies for protection under the SCRA. In Virginia, the tort of conversion "encompasses any wrongful exercise or assumption of authority . . . over another's goods, depriving him of their possession; [and any] act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it." *PGI Inc. v. Rathe Prods., Inc*., 265 Va. 334, 576 S.E.2d 438, 443 (Va. 2003) (internal quotation omitted). Plaintiff does not contend that the repossession of the vehicle was otherwise improper or wrongful, absent the protections of the SCRA. In fact, the allegations related to the conversion claim arise out of the same

alleged facts that support his SCRA claim. *See* Compl. ¶¶ 43-47. As explained in Section C above, the protections afforded by the SCRA do not apply to Plaintiff's Truck, as the Truck was purchased after Plaintiff's entry into military service. And, plaintiff has not pleaded that Chase had any part in the initial towing and repossession of the Truck. Finally, under both Virginia law and *Iqbal*, there are not sufficient facts pleaded to state a common law claim for conversion against Chase. Accordingly, Plaintiffs' conversion claim must be dismissed as a matter of law, as he has failed to sufficiently allege a "wrongful" exercise or assumption of authority over his property.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, pursuant to Rule 12(b)(6), this Court should grant Chase Auto Finance Corp.'s Motion to Dismiss for failure to state a claim upon which relief may be granted, dismiss Plaintiff's Complaint in its entirety with prejudice, and award Chase its attorneys' fees and costs incurred in its defense of this matter.

Respectfully submitted,

CHASE AUTO FINANCE CORP.

By Counsel

    /s/
Robert W. McFarland (VSB No. 24021)
Erin Q. Ashcroft (VSB No. 74636)
McGuireWoods LLP
101 W. Main Street, Ste. 9000
Norfolk, VA 23510
Tel:   757/640-3733
Fax:  757/670-3961
eashcroft@mcguirewoods.com
*Attorneys for Chase Auto Finance Corp.*

## **CERTIFICATE OF SERVICE**

      I certify that on June 22, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

Rebecca S. Colaw, Esquire
VSB# 47702
REBECCA S. COLAW, P.C.
114 Franklin Street
Suffolk, Virginia 23434
Phone: (757)539-5020
Facsimile: (757) 539-5743
rsc@colawlaw.com

Andrew M. Hendrick, Esq. (VSB # 42852)
Robert J. Haddad, Esquire (VSB #22298)
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23453
757-671-6012
757-671-6004 (fax)
ahendrick@srgslaw.com

*Counsel for Plaintiff*

                                           /s/
                                 Robert W. McFarland (VSB No. 24021)
                                 Erin Q. Ashcroft (VSB No. 74636)
                                 McGuireWoods LLP
                                 101 W. Main Street, Ste. 9000
                                 Norfolk, VA 23510
                                 Tel:    757/640-3733
                                 Fax:   757/670-3961
                                 eashcroft@mcguirewoods.com

                                 *Attorneys for Chase Auto Finance Corp.*

\31642705.1